## JOHN HOBBS v. STATE.

No. A.-1587.    Opinion Filed June 14, 1913.

(132 Pac. 822.)

TRIAL—Instructions. It is error for the court to instruct the jury that they are not bound by any particular instruction or part of an instruction given.

(Syllabus by the Court.)

*Appeal from County Court, Woods County;*
*W. M. Bickel, Judge.*

John Hobbs was convicted of violating the prohibitory liquor law, and he appeals. Reversed.

*E. W. Snoddy, L. T. Wilson,* and *Giddings & Giddings,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., (*Monroe Osborn,* of counsel), for the State.

FURMAN, J. The instructions of the court are divided into separate paragraphs, each of which is numbered and signed by the court. The ninth and last instruction is as follows: "You are to consider these instructions as a whole, and not be bound by any particular instruction or part of an instruction." To this instruction appellant excepted. What the court doubtless intended was to inform the jury that it

was their duty to consider all of the various instructions given in connection with each other, and that they were not to act upon any one instruction to the exclusion of the other instructions, but that they should be harmonized with each other. But this is not what the court told the jury. On the contrary, they were informed that "they would not be bound by any particular instruction or part of an instruction." This entirely eliminated the instruction upon the question of reasonable doubt, which is statutory, and by which juries must be bound, and to which the defendant is entitled in every criminal trial. Courts should exercise some care in the preparation of their instructions, and endeavor as far as possible to make them so plain and explicit that men who are not learned in the law will not reasonably be misled thereby.

For the error above pointed out the judgment of conviction is reversed, and the cause is remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.